[Counsel listed on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DITROPAN XL ANTITRUST LITIGATION | MDL No. 1761 (JSW) |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTION | **STIPULATION AND [PROPOSED] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE**<br><br>Hon. Jeffrey S. White |

**STIPULATION AND [PROPOSED] ORDER**

1. On October 27, 2006, the Court held an initial case management conference pursuant to Local Rule 16-10(a) and Federal Rule 16. As a result of that conference, the Court entered Stipulated Case Management Order No. 2 on November 1, 2006.

2. That Order has since been amended twice. Most recently, on August 28, 2007, the Court entered a Stipulation and Order for Second Amendment to Case Management Order No. 2 to Extend the Schedule.

3. On June 26, 2007, the Indirect Purchaser Plaintiffs ("Plaintiffs") filed their motion for class certification with a supporting expert declaration. Defendant Alza Corporation's opposition brief to Plaintiffs' class certification motion is currently due on November 27, 2007.

4. In response to document requests served by Plaintiffs in December 2006, Alza Corporation ("Alza" or "Defendant") produced over 626,000 pages of documents. Alza began rolling its production of documents in March 2007 and, pursuant to Paragraph 6 of Magistrate Judge Laporte's Order Regarding Discovery Procedures, Alza certified on August 22, 2007 that it

-1-
**STIPULATION AND [PROPOSED] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE**        MDL No. 1761 (JSW)

had produced to Plaintiffs all of the materials from its initial collection of documents that it agreed to produce and that could be located after a diligent search. Alza completed on October 19, 2007 its supplemental production of documents pursuant Paragraph 4 of Magistrate Judge Laporte's Order Regarding Discovery Procedures. Various non-party corporate affiliates of Defendant, in response to third-party subpoenas issued by federal courts outside this District, have now produced documents to Plaintiffs totaling in the aggregate over 319,000 pages, and several of these third-party productions are still on-going.

5. Alza served document requests on Plaintiffs in January 2007. After Plaintiffs began producing documents in March and April 2007, the parties began to confer about the adequacy of Plaintiffs' discovery responses, including Plaintiffs' production of documents and data. Following the October 2007 Rule 30(b)(6) depositions of two of the named plaintiffs, Alza raised concerns about the completeness of the Plaintiffs' discovery responses. Plaintiffs have agreed to review the completeness of their discovery responses, provide any supplemental responses or information, and provide a certification under Paragraph 6 of Magistrate Judge Laporte's Order Regarding Discovery Procedures.

6. Alza and Plaintiffs conferred on October 23, 2007, October 29, 2007, and November 2, 2007 regarding various discovery and case scheduling issues. Plaintiffs and Alza have each taken initial Rule 30(b)(6) depositions and contemplate taking additional depositions in the coming months. The parties mutually agree, however, that it is not practicable to proceed with certain depositions until relevant document productions have been completed. This is the principal impetus for the parties' proposed extension of the schedule.

7. The schedule originally contemplated by the parties and set forth in the second amendment to CMO No. 2 provided several months for Alza to analyze the documents, data, and expert reports provided by Plaintiffs relating to class certification issues and to conduct expert and fact depositions before being required to submit its opposition to Plaintiffs' motion for class certification. The second amendment to CMO No. 2 also assumed that Plaintiffs would have several months to complete depositions in advance of the summary judgment briefing regarding issues in Paragraphs 3(b), 3(c), and 3(d) of CMO No. 2. Given that document production is still

-2-

**STIPULATION AND [PROPOSED] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE**     MDL No. 1761 (JSW)

ongoing and that the parties have mutually agreed to postpone certain depositions until such productions are complete, the parties mutually agree that a further scheduling extension is needed to preserve the time periods contemplated by the second amendment to CMO. 2.

8. The parties have agreed and hereby stipulate (subject to the Court's order allowing them to do so) that the deadlines for Defendant's opposition to Plaintiffs' class certification motion and any reply brief to be filed by Plaintiffs each be extended by approximately 90 days. In addition, the parties have agreed that the remaining dates and deadlines established by CMO No. 2 shall likewise be extended by approximately 120 days (with the exception of the deadline for written discovery relating to the issues set forth in Paragraph 3(b)-3(d) of CMO No. 2, as discussed in Paragraph 9 below). Specifically, the parties stipulate to the following amendments to CMO No. 2:

|  |  | CMO No. 2 | Amend. #1 | Amend #2 | Amend #3 |
|---|---|---|---|---|---|
| Motion For Class Certification and Expert Reports in Support of Class Certification | Deadline for Defendants to depose Plaintiffs' experts, respond to motion, and file their expert reports: | July 27, 2007 | Sept. 25, 2007 | Nov. 27, 2007 | Feb. 29, 2008 |
|  | Deadline for Plaintiffs to depose Defendants' experts and file reply: | Aug. 24, 2007 | Oct. 23, 2007 | Dec. 21, 2007 | Mar. 28, 2008 |
|  | Hearing: | Sept. 14, 2007 | Nov. 16, 2007 | Jan. 11, 2008 | April 18, 2008 ~~TBD by Court~~ |

-3-
**STIPULATION AND [~~PROPOSED~~] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE**     MDL No. 1761 (JSW)

|  |  | CMO No. 2 | Amend. #1 | Amend #2 | Amend #3 |
|---|---|---|---|---|---|
| Motion For Summary Judgment or Partial Summary Judgment Regarding Issues in Paragraphs 3(b) through 3(d) of CMO No. 2 and Expert Reports in Support of Summary Judgment | Opening Motion and supporting expert reports: | October 12, 2007 | December 11, 2007 | February 8, 2008 | June 13, 2008 |
|  | Cross Motion and Opposition Motion and supporting expert reports: | November 21, 2007 | January 18, 2008 | March 20, 2008 | July 25, 2008 |
|  | Opposition to Cross Motion (and supporting expert reports) and Reply in Support of Opening Motion: | December 21, 2007 | February 15, 2008 | April 16, 2008 | August 29, 2008 |
|  | Reply in Support of Cross Motion: | January 25, 2008 | March 21, 2008 | May 21, 2008 | October 3, 2008 |
|  | Hearing (if no Cross Motions filed): | January 11, 2008 | March 21, 2008 | May 9, 2008 | October 24, 2008 ~~TBD by Court~~ |
|  | Hearing (If Cross Motions Filed): | February 15, 2008 | April 11, 2008 | June 13, 2008 | October 24, 2008 ~~TBD by Court~~ |

-4-

**STIPULATION AND [~~PROPOSED~~] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE** MDL No. 1761 (JSW)

|  |  | CMO No. 2 | Amend. #1 | Amend #2 | Amend #3 |
|---|---|---|---|---|---|
| Completion of Discovery Relating to Specific Issues in CMO No. 2 | Paragraph 3(a): | July 13, 2007 | September 11, 2007 | Nov. 9, 2007 | February 8, 2008 |
| | Paragraphs 3(b)-(d) – Written Discovery | September 28, 2007 | Nov. 16, 2007 | Nov. 16, 2007 | Nov. 16, 2007 |
| | Paragraphs 3(b)-(d) – Depositions | September 28, 2007 | Nov. 16, 2007 | Jan. 25, 2008 | May 23, 2008 |

9. As the schedule above indicates, there is no extension in the deadline for written discovery on the specific issues listed in Paragraphs 3(b)-(d) of CMO No. 2, and the extension of deposition deadlines imposes no further obligation to supplement written discovery responses on issues listed in Paragraphs 3(b)-(d) of CMO No. 2 pursuant to Rule 26(e)(1) or Paragraph 4 of Magistrate Judge Laporte's Order Regarding Discovery Procedures. The parties understand that, consistent with Local Rule 26-2, any motions to compel based upon written discovery responses relating to the issues set forth in Paragraphs 3(b)-(d) must be brought within seven court days of November 16, 2007. Parties may take additional written discovery pertaining to the issues set forth in Paragraphs 3(b)-(d) of CMO No. 2 only upon a showing of good cause. Nothing in this agreement, however, shall modify any party's ordinary duty to supplement its discovery responses on issues not listed in Paragraphs 3(b)-(d) under Federal Rule of Civil Procedure 26(e).

10. Nothing in this Stipulation alters or modifies any provision in CMO No. 2 except as specifically set forth in this Stipulation.

11. This stipulation for an extension of time has been brought in good faith and not for purposes of undue delay or harassment, and conforms with the requirements of Local Rules 6-2, 7-12, and 16-2(d), and with Federal Rule 16(b), which requires "a showing of good cause" for the modification of a scheduling order. Fed. R. Civ. P. 16(b).

-5-
**STIPULATION AND [PROPOSED] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE**     MDL No. 1761 (JSW)

12. Pursuant to Local Rule 16-2(d), counsel for Indirect Purchaser Plaintiffs (Tim Becker, Ed Wallace, and Jason Thompson), and counsel for Defendant (M. Sean Royall and Monique Drake) consulted about the positions set forth in this Stipulation and Proposed Order. All parties have agreed to this Stipulation.

IT IS HEREBY STIPULATED by and between the parties through their designated counsel that the Defendant shall have until February 29, 2008 to file its opposition to Plaintiffs' motion for class certification in this matter and that all deadlines contained in the Stipulated Case Management Order No. 2 (except the deadline for the completion of written discovery relating to the issues set forth in Paragraph 3(b)-(d) of that Order) be extended by the approximately 120 days, as specified in Paragraph 6 above.

**STIPULATED AND AGREED TO BY:**

DATED: November 20, 2007

/s/ Timothy J. Becker

Timothy J. Becker
ZIMMERMAN REED, P.L.L.P.
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844

Edward A. Wallace
WEXLER WALLACE TORISEVA LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Jason J. Thompson
J. THOMPSON & ASSOCIATES PLC
26000 West Twelve Mile Road
Southfield, MI 48034
Telephone: (248) 436-8448
Facsimile: (248) 436-8453

Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Attorneys for Indirect Purchaser Plaintiffs*

DATED: November 20, 2007

/s/ Michael A. Sitzman

M. Sean Royall (admitted *pro hac vice*)
Monique Michal Drake, SBN 167188
Michael A. Sitzman, SBN 156667
GIBSON, DUNN & CRUTCHER LLP
One Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 393-8200
Facsimile: (415) 986-5309
Email: sroyall@gibsondunn.com
Email: mdrake@gibsondunn.com
Email: msitzman@gibsondunn.com

*Attorneys for Defendant Alza Corporation*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: __November 20__, 2007

_____
The Honorable Jeffrey S. White
United States District Judge

---

-7-

**STIPULATION AND [PROPOSED] ORDER FOR THIRD AMENDMENT TO CASE MANAGEMENT ORDER NO. 2 TO EXTEND CASE SCHEDULE** — MDL No. 1761 (JSW)